PER CURIAM.
The state of Florida has brought this interlocutory appeal from an order of the Criminal Court of Record of Dade County, suppressing evidence, a firearm, seized from the appellee as a result of a search of his person by a Miami plainclothes police officer.
The appellee and two other persons were charged with carrying a concealed firearm.
The facts as they were testified to by the appellees at the hearing on the motion to suppress appear to be that at about 7:00 P. M. on July 27, 1971, while in the company of two other persons, i. e., Roniel Medina and Rafael Isaac, the appellee, Alfonso Quiroga, was using a pay telephone. Two plainclothes officers who observed them parked their police car and Officer Coll pulled out his gun and said “Don’t move and turn around and put your hands against the wall because I am going to blow your head off and kill you.” Thereafter all three of the parties were searched and a gun was taken from the person of each of them.
The appellee’s version of what took place in connection with the search was in conflict with the testimony of the police officers who made the searches and arrests. Officer Coil’s testimony shows that he saw the three men at a telephone booth at N. W. 7th Street and 23rd Court in Miami. He recognized one of the men “. as a known activist and member of Alpha 66.” He also recognized the car which was parked at the telephone booth as being the same car that had been parked at the scene of a shooting incident which he had investigated earlier that evening. The officer stopped his police car, got out and identified himself as a police officer and asked each man for identification. They identified themselves and appellee Quiroga admitted ownership of the automobile in question.
Thereafter, as Officer Coll started toward his police car to “check them out by radio,” one of the three men, i. e., Rafael Isaac, reached toward his left side, fast. It was then that Officer Coll pulled out his gun and told all three men that they were under arrest and to go stand against the wall. Whereupon he took guns from Isaac and the other two men. Each was charged with carrying a concealed weapon.
It is the state’s contention that the trial judge erred in granting appellee’s motion to suppress. We agree and reverse.
*846 The trial court, in granting the motion to suppress, stated that if she were in the same situation, she would have done exactly as the officer had done, which was to search all three persons when one made a fast movement as if to pull out a gun. These observations of the trial court indicate that the court believed the officer’s testimony about one defendant making a fast move as if to reach for a gun and not the testimony of Mr. Quiroga, but the trial judge misapprehended the law.
Therefore, upon the authority of the rules stated in State v. Gustafson, Fla. 1972, 258 So.2d 1, affirming in part and reversing in part Gustafson v. State, Fla. App.1971, 243 So.2d 615, we reverse the order suppressing the automatic firearm seized from appellee and remand for further proceedings.'
Reversed and remanded for further proceedings.