673 So.2d 906 (1996)
The STATE of Florida, Appellant,
v.
Johnny WADE, Appellee.
No. 95-2321.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellee.
Before NESBITT, LEVY, and GERSTEN, JJ.
LEVY, Judge.
The State appeals a trial court order granting the defendant's motion to suppress his confession wherein the trial court held that the arresting officer lacked reasonable suspicion. For the following reasons, we reverse.
Detective George Nelson (hereinafter "Nelson") is a detective with the Metro-Dade Police Department and had been investigating tourist robberies in Dade County since 1990. As a result of the ongoing investigations, Johnny Wade (hereinafter "Wade"), along with several others, became potential suspects in the tourist robberies. On March 23, 1993, Nelson was driving down the street where the defendant lives when he saw the defendant behind the wheel of his vehicle. Because Nelson had conducted a Driving With Suspended License (hereinafter "DWLS") computer record check on Wade and had found that his license had been suspended, Nelson asked the defendant to pull his car to the side of the road.
Although the State and defendant agree that a DWLS record check was conducted by Nelson, the parties disagree regarding when the record check was conducted. The defendant *907 asserts that the record check could have been done as much as two to eight weeks prior to March 23, 1993. However, at the suppression hearing, Nelson stated that he had conducted the record check at some point shortly after March 12, 1993. After determining that Wade's driver's license was still suspended, Nelson arrested the defendant and gave him his Miranda warnings. While in custody at the police station, the defendant made the confession regarding the tourist robberies which forms the basis of this appeal.
On June 10, 1994, the defendant was charged by Information with burglary, assault and robbery. At the suppression hearing, the trial court heard testimony from the State's witnesses and the defendant regarding the events of March 23, 1993. The trial court granted the motion to suppress, determining that, while Nelson's testimony was credible, he should have conducted a record check of the defendant's driver's license immediately before making the initial stop and subsequent arrest of the defendant. The trial court held that, absent this additional procedure, a reasonable police officer would not have stopped the defendant based solely upon prior knowledge of the defendant's suspended driver's license. That determination is without legal support.
The State contends that the trial court erred in granting the motion to suppress where, based upon the above facts, the detective's knowledge of the defendant's previously suspended driver's license was not stale and provided the officer with a reasonable suspicion upon which to make a valid legal stop. We agree. In State v. Leyva, 599 So.2d 691 (Fla. 3d DCA 1992), this court held that the officer's knowledge of the suspended status of the defendant's driver's license, which was four-to-five weeks old, was not stale on the date of the stop and provided the officer with the reasonable suspicion upon which to make the valid, legal stop. In the instant case, the detective testified that he had conducted a DWLS record check a little less than two weeks before stopping the defendant on March 23, 1993. Clearly, under our decision in Leyva, the detective's prior knowledge of the defendant's suspended driver's license was not stale.
Additionally, once the trial court has had an opportunity to assess the credibility of the arresting officer and found the officer's testimony to be credible, the trial court commits reversible error when it grants a motion to suppress based upon the conflicting testimony of the officer and the defendant regarding the incident in question. See State v. Quiroga, 267 So.2d 844 (Fla. 3d DCA 1972). Here, the trial court committed reversible error where, in its written order, the court found the detective's testimony credible, yet granted the defendant's motion to suppress based upon its determination that information from a license records check is, per se, stale if not obtained immediately before the officer makes the "stop" that is based upon the information obtained from that records check. Accordingly, we reverse the trial court's order granting the defendant's motion to suppress and remand this case for further proceedings consistent herewith.
Reversed and remanded.