754 So.2d 163 (2000)
Tommy Rendard GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1877.
District Court of Appeal of Florida, Fifth District.
March 31, 2000.
Susan E. Barnes, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Tommy Rendard Green ["Green"] appeals his conviction for possession of cocaine, contending that he was entitled to a judgment of acquittal due to lack of evidence of his constructive possession of the drugs. We disagree and affirm.
Green and a co-defendant, Joey Lee Alston, were charged by information with trafficking in 200 grams or more of cocaine (Count I) and possession of cocaine with intent to sell or deliver (Count II).
At trial, Agent James A. McGriff ["McGriff'] of the Orlando Police Department testified that he is assigned to the Metropolitan Bureau of Investigation, a drug task force. On October 26, 1998, McGriff was working with two other agents. Around 6:00 or 7:00 p.m., McGriff spotted a 1980's era Oldsmobile they were looking for at a Krystal's Drive-In Restaurant on South Orange Blossom Trail. The car contained two males and a child. Alston, the co-defendant, was driving. Green was sitting in the front passenger seat. McGriff watched the occupants buy some food from the Krystal then drive down the street to a 7-11 store. Alston got out of the car and went into the store. He was detained when he came back outside. McGriff stayed in his vehicle while other agents talked to Alston and Green for approximately ten minutes. Then he got out of his vehicle and went to look inside the front passenger window of Alston's car. He saw a Krystal's bag, leaned over and saw that it contained "several clear plastic sandwich bags" inside of which appeared to be three "cookies of cocaine." Sitting near the Krystal's bag was an Entemann's box which had been wrapped in a red and blue shirt. There were eleven crack cocaine cookies in separate plastic baggies inside the Entemann's box. McGriff identified pictures showing that both the Krystal's bag and the Entemann's box were sitting on the floorboard on the passenger's side. McGriff testified that Green told him that he had seen the Entemann's box on the floor, but *164 said he did not know who it had belonged to. He also said he had seen the shirt on the floor, but again, did not know who it had belonged to.
Jenny Ahern of the Florida Department of Law Enforcement ["FDLE"] analyzed the Entemann's box. She found seven latent fingerprints, plus an eighth latent impression which is either a fingerprint or a palm print, on the bottom of the box. The seven latent fingerprints were all identified as Green's. Only one of the prints was not identified.
Amanda Julian of the FDLE conducted an analysis of the contents of the Entemann's box and the Krystal's bag. All four tests showed the presence of cocaine.
At the close of the state's case, defense counsel moved for a judgment of acquittal on both counts of the information, arguing the evidence was insufficient to demonstrate that Green had any dominion or control over the cocaine in either the paper bag or the Entemann's box, and also failed to demonstrate that he had knowledge of the contents of either the bag or box. He contended that the fact that his fingerprints were found on the Entemann's box was insufficient to establish these particulars. He also argued that the evidence was insufficient to establish that he was in possession of a trafficking amount of cocaine, since officers had mixed all eleven cocaine "cookies" together and then testified that the substance was simply a mixture containing cocaine. The trial court granted the motion as to the trafficking count, based on the failure to establish the amount of cocaine, but denied the motion with respect to possession of cocaine with intent to sell or deliver. The jury found Green guilty of the lesser included offense of possession of cocaine.
Green maintains that this is a "constructive possession" case, since he was not in exclusive possession of the automobile in which the cocaine was found. "Constructive possession" exists where a defendant does not have actual physical possession of contraband but knows of its presence on or about his premises and has the ability to exercise and maintain control over the contraband. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). Green relies on a number of cases which hold that mere proximity to a controlled substance is insufficient to sustain a conviction for constructive possession of the substance where the defendant is not in exclusive possession of the area in which the substance is found. See, e.g, Hill v. State, 736 So.2d 133 (Fla. 1st DCA 1999).
This is not a case, however, in which the evidence shows no more than that Green and others were simultaneously found in proximity to illegal drugs. Nor is this a case in which the only evidence that Green possessed the cocaine is that his fingerprints were found on exterior, non-illicit packaging. Instead, in this case, these factors appeared simultaneously and in conjunction with additional evidence which appears to create a question for the jury as to whether Green had knowledge of the presence of the cocaine and had dominion and control of the cocaine. Cocaine was found in a Krystal's bag lying at Green's feet. The cocaine had been put in the Krystal's bag in the few minutes it took for the driver to drive the car from the Krystal's to the 7-11, within the last few minutes before the stop. Additional cocaine was found in an Entemann's box bearing Green's fingerprints, which was wrapped in a shirt and which was also at Green's feet. These items were found within Green's reach after the driver had exited the vehicle. This evidence appears sufficient for the jury to conclude that Green either had constructive or actual possession of the cocaine found in the vehicle and within his reach. See Thomas v. State, 512 So.2d 1099 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla.1988); see also Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), review denied, 581 So.2d 167 (Fla.1991). As the court pointed out in Jean v. State, 638 So.2d 995, 997 (Fla. 4th *165 DCA), review denied, 645 So.2d 452 (Fla. 1994):
We do not ordinarily permit an inference of ability to control to be raised by mere proximity to the substance because of the danger that an innocent bystander or social or business visitor might thus be improperly implicated in a crime. That danger diminishes as the amount of circumstantial evidence that the accused was more than an innocent bystander increases.

See also Fla. Std. Jury Instr. (Crim.) 300 (July 1997).
AFFIRMED.
ANTOON, C.J., and W. SHARP, J., concur.