SHARP, W., J.
Styles appeals from his judgment and sentence for possession of cocaine,[1] after a *1161 jury trial. He argues the evidence presented by the state was insufficient to show he had dominion and control over the cocaine and, at most, only showed his proximity. Thus, his conviction must be reversed. We disagree and affirm.
First, this issue was not preserved for appellate review. Defense counsel did not move for a judgment of acquittal at the close of the state’s case nor did he file a motion for new trial raising sufficiency of the evidence. See, e.g., Stanley v. State, 626 So.2d 1004 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 627 (Fla.1994). In fact, defense counsel stated at the conclusion of the state’s case:
DEFENSE COUNSEL: Judge, the defense would — this one-count case charges possession of cocaine. The defense would acknowledge that this is a constructive possession case. We believe it’s a jury question case. At the risk later, say, having a 3.850 motion against me, I don’t really see the basis. I think it’s a question for the jury.
COURT: I agree with you.
DEFENSE COUNSEL: And that’s where we’ll go with this case.
COURT: The whole case is who had possession and it is a question for the jury. So you sort of made a motion for judgment of acquittal. To the extent you made it, I’ll deny it.
Such a half-hearted motion by defense counsel, who then states in open court that the case should go to the jury, attempts to cover all bases, but in fact covers none.
Second, even if defense counsel had properly moved for a judgment of acquittal, the evidence adduced by the state in this case was more than adequate to create a jury issue about whether Styles had constructive possession of the cocaine.[2]
The state established that two police officers were called to Styles’ apartment to assist Styles’ girlfriend in removing her things. Styles granted them permission to enter, which they did. They immediately recognized Styles from the description given them by the girlfriend.
Styles was beside his bed in his bedroom. As the officers approached, Styles turned his back on them and covered up something on this bed with a sheet. Two other men were seated in chairs a few feet away from the bed, watching television. They were not residents of the apartment and they made no effort to hide anything.
A computer check on Styles revealed he was wanted on an active warrant. After he was arrested, one officer searched the bed and found the cocaine in a dinner plate. It was under the sheet that Styles had used to cover it up, as the police officers entered the bedroom.
AFFIRMED.
GRIFFIN and PLEUS, JJ, concur.

. § 893.13(6)(a), Fla. Stat.

. See Ogle v. State, 820 So.2d 1054 (Fla. 4th DCA 2002); Green v. State, 754 So.2d 163 (Fla. 5th DCA 2000).