920 So.2d 156 (2006)
Marcella FINKLEA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0983.
District Court of Appeal of Florida, First District.
February 3, 2006.
*157 Nancy A. Daniel, Public Defender and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Shasta W. Kruse, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Marcella Finklea appeals her conviction and sentence for possession of a controlled substance and possession of drug paraphernalia. The primary issue at trial was whether appellant knowingly possessed the drugs and paraphernalia, raised as an affirmative defense. See § 893.101, Fla. Stat. (2003). Appellant argues that the trial court erred in only partially reinstructing the jury on the crime of possession. We agree and reverse for a new trial.
After the jury had begun its deliberations, the jury posed a question to the court asking it to define "possession." In discussing how to respond to the jury's request, appellant requested the court to read in full the three elements of the crime of possession in the standard jury instruction, specifically including the requirement that the state prove knowledge. The trial court refused and read the following:
To possess means to have personal charge of or exercise the right of ownership, management or control over the thing possessed. Possession can be actual or constructive. Actual possession means the thing is in the hand of or on the person or the thing is in a container in the hand of or on the person or the thing is so close to be within ready reach and is under the control of the person. If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed. That's possession.
The appellant objected to this partial reinstruction.
As the Florida Supreme Court has explained in the context of an incomplete reinstruction on the definition of manslaughter,
[i]t is proper for a judge to limit the repetition to the charges requested.... However, the repeated charges should be complete on the subject involved. The giving of a partial instruction fails to inform the jury fully and often leads to undue emphasis on the part given as against the part omitted.
Hedges v. State, 172 So.2d 824 (Fla.1965); see also Stockton v. State, 544 So.2d 1006 (Fla.1989); Martinez v. State, 667 So.2d 906 (Fla. 1st DCA 1996).
In the instant case, the portion of the instruction given likely confused the jurors as to the distinction between the terms "possess" and "possession." In light of the testimony presented at the trial of this case, there is no reasonable likelihood that the jurors could have had *158 any question about the facts that the appellant had the items on her person and that the items were unlawful. The only question the jury could reasonably have had related to what, in addition, had to be proven for the jury to return a verdict of guilty of "possession" of those items. By reading the partial instruction, the trial court left out the "knowledge" portion of the definition of unlawful possession. This was error. Because the trial of this case essentially involved only one disputed issue, whether the appellant knew the unlawful items were in the bottle, the error cannot be considered harmless. Accordingly, we hold that the trial court abused its discretion in refusing to give a complete reinstruction and we REVERSE and REMAND for a new trial.
ALLEN, VAN NORTWICK and PADOVANO, JJ., concur.