944 So.2d 1187 (2006)
P.S., Mother of C.S., a minor child, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 1D06-2793.
District Court of Appeal of Florida, First District.
December 19, 2006.
*1188 James R. Goff, Esq., Northwest Florida Legal Services, Inc., Pensacola, for Appellant.
Katie George, Chief Legal Counsel, Richard D. Cserep, Assistant District Legal Counsel, Department of Children & Families, Pensacola, and Wendie Michelle Cooper, Guardian ad Litem Program, Orlando, for Appellee.
PER CURIAM.
Appellant appeals the trial court's order terminating her parental rights respecting C.S. Appellee concedes that the trial court's order was in error on this point. In light of appellee's concession and request that the matter be remanded for further proceedings, we reverse and remand to the trial court.
Appellee filed a Petition for Involuntary Termination of Parental Rights alleging that sections 39.806(1)(c) and (e), Florida Statutes, provided grounds for terminating the parental rights of both appellant and the father. With respect to the father, appellee also included an allegation that section 39.806(1)(g), Florida Statutes, provided an additional ground for termination. In terminating the parental rights of the father, the trial court's order relies upon section 39.806(1)(f), Florida Statutes. Appellee concedes that section 39.806(1)(f), was not pled in the Department's original petition for termination or argued by the appellee at the termination hearing. Additionally, appellee concedes that the petition for termination was never amended to include this ground. Appellee asserts that, under the facts of this case, it was error for the trial court to terminate the father's parental rights based upon section 39.806(1)(f). See R.S. v. Department of Children and Families, 872 So.2d 412, 412 (Fla. 4th DCA 2004); see also In the Interest of A.D.J., 466 So.2d 1156, 1163 (Fla. 1st DCA 1985) (recognizing the principle in the context of permanent commitment).
Appellee goes on to state that the termination of appellant's parental rights can not stand given the nature of the order against the father. As support for this proposition, appellee relies upon the requirements set forth in section 39.811(6), Florida Statutes. This statute identifies a list of circumstances which will permit the severing of one parent's rights without severing the parental rights of the other parent. According to appellee, at least one of these circumstances must be present for such a termination of rights to occur. See § 39.811(6), Fla. Stat. Continuing down this line of reasoning, appellee notes that because section 39.811(6), Florida Statutes, does not permit a court to terminate parental rights as to only one parent based upon section 39.806(1)(c) or (e), Florida Statutes, the trial court could not have relied upon either of the Department's stated grounds for terminating appellant's parental rights in this case.
*1189 Because the state is conceding error on this point and appellant has not filed a reply brief objecting to appellee's concession, we reverse and remand to the trial court for reconsideration of whether appellant's parental rights may be terminated in this case.
REVERSED and REMANDED.
WEBSTER, POLSTON, and HAWKES, JJ., concur.