954 So.2d 1260 (2007)
Joshua HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-896.
District Court of Appeal of Florida, Fifth District.
April 27, 2007.
*1261 James S. Purdy, Public Defender, and Ailene S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Harris was convicted, after a jury trial, of one count of trafficking in 28 grams or more of cocaine[1] and one count of possession of cannabis with intent to sell or deliver.[2] He appeals the trial court's denial of his motion for judgment of acquittal as to the trafficking count. We reverse.
The evidence reflects that the Osceola County Sheriff's Office obtained a search warrant for a residence owned by Cedric Caster after receiving information that Caster was selling cocaine from that residence. Several officers participated in the execution of the search warrant. When the officers entered the residence, they found Harris sitting on a sofa and Caster sitting on a nearby loveseat. There was a brown bag (the size of a lunch bag) located on the floor between Caster and Harris. The bag was within three feet of both the sofa and the loveseat. One of the officers testified the bag was open, enabling him to look inside the bag. The bag contained 28 grams of cocaine and over 100 grams of cannabis.
After arresting Harris and Caster, the officers found 2.7 grams of cocaine and over 20 baggies of cannabis in Harris' front pocket.
Harris did not reside at Caster's residence. Furthermore, one of the officers testified that they had no expectation that Harris would be at Caster's residence when they executed the search warrant.
At the close of the State's evidence, Harris unsuccessfully moved for a judgment of acquittal on the trafficking charge. He contended there was insufficient evidence to establish he possessed the contraband found in the brown bag.
After the denial of his motion for judgment of acquittal, Harris testified that he went to Caster's house to purchase cocaine and cannabis. He placed the cocaine and cannabis that he bought from Caster in his front pocket. Harris denied he owned or ever touched the bag of drugs found on Caster's floor.
At the close of the evidence, Harris renewed his motion for judgment of acquittal. The trial court again denied the motion.
The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the state. State v. Lalor, 842 So.2d 217 (Fla. 5th DCA 2003). A trial court's ruling on a motion for judgment of acquittal is reviewed de novo. Boyd v. State, 910 So.2d 167, 180 (Fla.2005).
In the present case, the State contends there was sufficient evidence to establish *1262 Harris had actual or constructive possession of the brown bag containing 28 grams of cocaine. We disagree. We will first address the State's constructive possession argument.
Constructive possession exists where a defendant does not have actual, physical possession of the controlled substance, but knows of its presence on or about the premises, and has the ability to exercise and maintain control over the contraband. Green v. State, 754 So.2d 163 (Fla. 5th DCA 2000). Mere proximity to contraband is not sufficient, by itself, to establish control. However, control over contraband may be inferred from the ability to exercise control over the premises where the contraband is found. State v. Reese, 774 So.2d 948 (Fla. 5th DCA 2001). Here, it was undisputed that Harris was a mere visitor to Caster's residence. He was neither an owner nor an occupant of the premises. Accordingly, the trier of fact could not infer that Harris had the ability to control the contraband found in the brown bag, simply because it was in plain view and situated near him. J.S.M. v. State, 944 So.2d 1143 (Fla. 2d DCA 2006). See also Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975) (holding that circumstantial evidence of guilt emanating from the defendant's proximity to illicit drugs in plain view was equally susceptible to the reasonable hypothesis that the defendant was a mere visitor and that the drugs were in the possession and control of the owner or other occupant of the premises).
In this case, the State was obligated to establish the control element by independent proof. J.S.M., 944 So.2d at 1144; see also Wade v. State, 558 So.2d 107 (Fla. 1st DCA 1990). We conclude the State failed to produce independent proof that Harris, as opposed to Caster, controlled the contraband located in the brown bag. Furthermore, the fact that Harris was in possession of a small amount of cocaine on his person was insufficient to establish that he had dominion and control of the cocaine found in the brown bag. Allen v. State, 622 So.2d 526 (Fla. 2d DCA 1993).
The State's alternative argument that it produced sufficient evidence to establish actual possession also fails. Actual possession means that (a) the item is in the hand of or on the person; or (b) the item is in a container in the hand of or on the person; or (c) the item is so close that it is within "ready reach" of the person and the item is under the control of the person. Finklea v. State, 920 So.2d 156 (Fla. 1st DCA 2006). There was no evidence Harris ever had the 28 grams of cocaine (or the brown bag) in his hand or on his person. Although there was evidence the 28 grams of cocaine was within Harris' "ready reach," the evidence was, as discussed above, insufficient to establish the control element. We therefore reverse the trafficking conviction.
It is undisputed that Harris was in possession of the cocaine found on his person. Accordingly, on remand, the trial court is directed to adjudicate Harris guilty of the lesser-included offense of possession of cocaine. See § 924.34, Fla. Stat.;[3]Crain v. State, 894 So.2d 59, 76 (Fla.2004). Harris' conviction for possession of cannabis with intent to sell or deliver was not appealed. *1263 We affirm that conviction and remand to the trial court for resentencing in light of our reversal of the trafficking offense.
AFFIRMED in part; REVERSED in part; and REMANDED with Directions.
TORPY and LAWSON, JJ., concur.
NOTES
[1] § 893.135(1)(b)1.a., Fla. Stat. (2005).
[2] § 893.13(1)(a)(2), Fla. Stat. (2005).
[3] Section 924.34, Florida Statutes (2005), provides:

When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense. (emphasis added)