[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11892
Non-Argument Calendar
_____

D. C. Docket No. 06-00542-CV-T-24-EAJ

LEROY MCKINZIE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 19, 2008)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Leroy McKinzie, a Florida prisoner proceeding *pro se*, appeals the district court's decision to dismiss, as procedurally barred, his claim in his 28 U.S.C. § 2254 petition that the state trial court erred in denying his motion for judgment of acquittal on the charge of carrying a concealed weapon. We granted a Certificate of Appealability ("COA") on the issue of "whether the district court erred in denying as procedurally barred appellant's claim that the evidence was insufficient to support his conviction." On appeal, McKinzie argues that the substance of his argument before the state courts was that the State had failed to meet its burden of establishing that he had concealed a firearm in a location that was not his residence. He argued that his claim was one of insufficient evidence, and it was fairly presented to the state courts. He contended that he referred to the due process reasonable doubt standard before the state courts, which provided them with an opportunity to address his federal constitutional rights.

We conduct a *de novo* review of a district court's determination that a habeas petitioner is procedurally barred from raising a claim in federal court. *Atwater v. Crosby*, 451 F.3d 799, 809 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 951 (2007). In *Jackson v. Virginia*, the Supreme Court held that a state prisoner's claim that the evidence in support of his conviction was insufficient to have led a rational trier of fact to find him guilty beyond a reasonable doubt constitutes a

2

federal constitutional claim that is cognizable in a federal habeas proceeding, "assuming that state remedies have been exhausted, and that no independent and adequate state ground stands as a bar." 443 U.S. 307, 321, 99 S. Ct. 2781, 2790 (1979) (internal citations omitted).

As *Jackson* indicates, before bringing a habeas petition in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion, 443 U.S. at 322-23, 99 S. Ct. at 2791; 28 U.S.C. §§ 2254(b), (c). To exhaust state remedies, the petitioner must "fairly present[]" his federal claims to the state court, providing it with "an opportunity to apply controlling legal principles to the facts bearing upon them." *Henry v. Dep't of Corr.*, 197 F.3d 1361, 1366 (11th Cir. 1999) (internal quotation and citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must . . . be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 888 (1995). However, the petitioner is not necessarily required to cite "book and verse on the federal constitution." *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 513 (1971) (citation omitted). The Supreme Court has held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read

3

beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982).

"The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the [S]tate." *Harris v. State*, 954 So.2d 1260, 1261 (Fla. Dist. Ct. App. 2007). The Florida Supreme Court has held that there is "sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." *Baugh v. State*, 961 So.2d 198, 204 (Fla. 2007). The statutory provisions with respect to a concealed firearm do not apply when an individual possesses the firearm within his own home. Fla. Stat. § 790.25(3)(n) (2006).

We may review the merits of a claim in the first instance when a district court improperly finds that a claim is procedurally barred. *See Peoples v. Campbell*, 377 F.3d 1208, 1235-36 (11th Cir. 2004).

4

In reviewing a state court's decision denying habeas relief, we are prohibited from granting habeas relief unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Moreover, factual findings of state courts are presumed to be correct, and the petitioner can rebut them only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." *Id.* "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.* A state court's summary, unexplained rejection of a constitutional

5

issue qualifies as an adjudication that is entitled to deference. *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002). For § 2254(d)(1) to apply, the state court is required only to reject a claim on the merits, not to provide an explanation. *Id.* at 1255. A state court decision "that does not rest on procedural grounds alone is an adjudication on the merits, regardless of the form in which it is expressed." *Id.* at 1255-56.

The Supreme Court has held that, in an appeal that challenges the sufficiency of the evidence, the "critical inquiry" is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89. The Supreme Court noted that it is the duty of the trier of fact "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," and a reviewing court may not substitute its judgment as to whether it believes the evidence to be sufficient to sustain a conviction. *Id.* In weighing the sufficiency of the evidence, it is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Martin v. State of Alabama*, 730 F.2d 721, 724 (11th Cir. 1984).

Florida law prohibits an individual from "carry[ing] a concealed firearm on

6

or about his or her person." Fla. Stat. § 790.01(2) (1995). A concealed firearm is defined "as any firearm carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person." *Dorelus v. State*, 747 So.2d 368, 370 (Fla. 1999) (quoting Fla. Stat. § 790-001(2)). The firearm need not be absolutely invisible. *Id.* at 370-371.

Here, necessarily underlying the state court decisions was a determination that the evidence was sufficient to uphold a concealment conviction, a standard identical to federal sufficiency review. Accordingly, we conclude that the district court erred in finding this claim procedurally barred. However, the evidence in this case, viewed in a light most favorable to the prosecution, demonstrates that a rational juror could have found McKinzie guilty beyond a reasonable doubt of concealing a firearm. The state courts did not unreasonably apply *Jackson*.

Because we conclude from the record that McKinzie's underlying due process claim is without merit, we affirm the denial of habeas relief.

**AFFIRMED.**