992 So.2d 410 (2008)
M.F. Mother of L.F., a Minor Child, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D08-1475.
District Court of Appeal of Florida, First District.
October 15, 2008.
Jennifer Cogdill, Fleming Island, Florida, for Appellant.
M. Paul Sanders, Starke, Florida, for Appellee.
BROWNING, C.J.
M.F. (Appellant), who is the mother of a very young child, L.F., appeals an order granting the amended petition of the Florida Department of Children & Families (Appellee) to terminate Appellant's parental rights based on findings that Appellant consented by failing to appear and/or "abandoned" the child, as that term is defined in sections 39.806(1)(b) & 39.01(1), Florida Statutes. (2007); and that the manifest best interest of the child called for the termination of Appellant's parental rights pursuant to section 39.810, Florida Statutes (2007). Appellee properly concedes that the record supports the trial *411 court's ruling granting the father's motion for "a directed verdict," which we affirm. See Fla. R. Juv. P. 8.525(h) (addressing procedures for seeking and granting a motion for judgment of dismissal in a termination of parental rights proceeding); Committee Notes to Fla. R. Juv. P. 8.000; A.L. v. Dep't of Health & Rehabilitative Servs., 711 So.2d 600, 601 (Fla. 2d DCA 1998) (stating that termination of parental rights proceedings are governed by the rules of juvenile procedure, not the rules of civil procedure).
The parties agree that section 39.811(6), Florida Statutes (2007), sets forth a list of circumstances that will allow the severing of one parent's rights without the severing of the other parent's rights; and that the trial court affirmatively declined to make necessary findings (requested by the attorneys for Appellee and for the Guardian ad Litem) under this statute upon agreeing to terminate only one parent's rights. Upon Appellee's appropriate acknowledgment that the trial court reversibly erred in concluding that it did not have to consider the factors set forth in subsection (6) of this statute under the instant circumstances, we AFFIRM the trial court's rulings relating to the child's father but are constrained to REVERSE that part of the order terminating Appellant's parental rights. See P.S. v. Fla. Dep't of Children & Families, 944 So.2d 1187 (Fla. 1st DCA 2006); T.R. v. Dep't of Children & Families, 925 So.2d 1138 (Fla. 5th DCA 2006); N.M. v. Dep't of Children & Family Servs., 893 So.2d 595 (Fla. 2d DCA 2005).
WOLF and WEBSTER, JJ., concur.