SILBEKMAN, Judge.
 

 Brian Lee Sundin seeks review of his judgment and sentence for possession of cocaine and possession of drug paraphernalia. We reverse because the State failed to establish a prima facie case on both charges.
 

 At trial, Detective Ryan Kmiee testified that his narcotics unit was conducting undercover drug purchases at the Value Lodge on U.S. 19 in New Port Richey on April 25, 2007. Detective Kmiee was working as backup when he observed Sun-din cross U.S. Highway 19 on foot and enter room 221 of the Value Lodge. Detective Kmiee did not testify regarding the manner in which Sundin gained entry. Two days later, Detective Kmiee returned and set up surveillance on room 221. He did not ascertain who had rented the room, but he observed Sundin going in and out of room 221 to smoke cigarettes on the balcony. Detective Kmiee knew that Sundin had an active warrant for his arrest, and he contacted Officer Angelini from the New Port Richey Police Department to effectuate the arrest.
 

 Officer Angelini made contact with Sun-din, and Detective Kmiee followed the officer into room 221. Sundin was lying on one of the room’s two queen-size beds, and a female named Diane Onicus was seated on the end of the other queen-size bed. Detective Kmiee observed a type of glass pipe commonly used to smoke cocaine on a nightstand between the beds. The pipe was about a foot away from Sundin, and it was within arm’s reach.
 

 Upon observing the pipe in plain view, Detective Kmiee seized it and conducted a field test on the residue inside. The residue tested positive for cocaine, and the FDLE chemist confirmed the result. Sun-din denied that the pipe belonged to him, and Onicus denied any knowledge of the pipe.
 

 After the State rested its case, Sundin moved for a judgment of acquittal. Sun-din argued the State failed to establish that he was in constructive possession of the pipe. The State contended that the pipe was in Sundin’s actual possession because it was within his arm’s reach and exclusive control. The court denied the motion.
 

 All possession crimes may be either actual or constructive.
 
 Chicone v. State,
 
 684 So.2d 736, 738 n. 2 (Fla.1996). The first question before this court is whether Sundin was in actual possession of the pipe because it was within his arm’s reach in the hotel room. Possession is actual when the contraband is (1) in the defendant’s hand or on his person, (2) in a container in the defendant’s hand or on his person, or (3) within the defendant’s “ ‘ready reach’ ”
 
 and
 
 the contraband is under his control.
 
 Harris v. State,
 
 954 So.2d 1260, 1262 (Fla. 5th DCA 2007). If the defendant has control over the premises
 
 *677
 
 where the contraband is found in plain view, then the defendant’s control over the contraband may be inferred.
 
 Id.
 

 In this case, the State established that the pipe was within Sundin’s ready reach but failed to establish that Sundin had control over the pipe or room 221. The State presented no evidence linking Sundin to the pipe other than his mere proximity to it. Additionally, the State did not present sufficient evidence of Sundin’s control of the premises to support an inference of control over the contraband. While Detective Kmiec saw Sundin enter and exit room 221 on a few occasions, Detective Kmiec did not see Sundin use a key to enter the hotel room or otherwise ascertain that Sundin had rented the room. The State’s evidence at best establishes that Sundin was a visitor in the hotel room and not an actual occupant.
 
 Cf. J.S.M. v. State,
 
 944 So.2d 1143, 1144 (Fla. 2d DCA 2006) (holding that the State failed to prove that the defendant was an occupant of the hotel room because “no evidence proved how long J.S.M. had been at the hotel, whether he rented the room, or whether he jointly occupied it with the person who did”).
 

 Having determined that the State did not prove Sundin was in actual possession of the pipe, we turn to the issue of constructive possession. In order to establish constructive possession, the State must prove that the defendant had dominion and control over the contraband and knew the contraband was within his presence.
 
 Robinson v. State,
 
 975 So.2d 593, 595 (Fla. 2d DCA 2008). If the State proves that the contraband was in plain view, then the defendant’s knowledge of the contraband’s presence is established.
 
 Brown v. State,
 
 428 So.2d 250, 252 (Fla.1983). However, the issue of control is not established by the fact that the contraband is in plain view unless the accused is an occupant or owner.
 
 Id.
 
 In the event the accused is a mere visitor in jointly possessed premises, then the State must establish control of contraband in plain view by independent evidence.
 
 Taylor v. State,
 
 319 So.2d 114, 116 (Fla. 2d DCA 1975).
 

 As we stated previously, the State’s evidence established nothing more than that Sundin was a visitor of a resident of room 221. Without independent proof of Sun-din’s control over the pipe, the State failed to establish his constructive possession of the cocaine or paraphernalia.
 
 See J.S.M.,
 
 944 So.2d at 1144-45 (holding that the State failed to prove that a hotel visitor had control over marijuana found in plain view in a hotel room because the State did not provide any evidence other than the defendant’s mere proximity to the marijuana);
 
 Wade v. State,
 
 558 So.2d 107, 108 (Fla. 1st DCA 1990) (“Because appellant was only a visitor, rather than someone who owned, leased, or resided in the room, his mere proximity to the contraband found in plain view was insufficient to convict him.”).
 

 Accordingly, the trial court erred in denying Sundin’s motion for judgment of acquittal. We therefore reverse Sundin’s judgment and sentence.
 

 Reversed.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.