DAVIS, Judge.
Jermaine Jarvis Williams challenges his conviction and sentence for aggravated battery. Because the trial court erred in denying Williams’ request for a jury instruction on the justifiable use of nondeadly force, we reverse and remand for new trial.
The charge against Williams arose from a dispute between Williams and his girlfriend Heather Kunz. While at a bar with Kunz’s friend, Sarah Fournier, Williams and Kunz engaged in a verbal disagreement in the parking lot. During the argument, Williams grabbed Kunz’s arms and held them behind her back. Fournier attempted to pull Kunz away from Williams, and Williams punched Fournier in the jaw, fracturing it in two places. At trial, Williams maintained both that it was an accident and that he was swinging at no particular person in the crowd of ten or so men that he claims gathered around the dispute. According to Williams, who is African-American, he heard racial slurs and threats coming from the bystanders, someone in the crowd punched him in the head, and he turned and threw one punch without aiming at a particular target.
A jury found Williams guilty as charged, and the trial court sentenced him to ten years’ imprisonment and imposed restitution in the amount of $50,000.
On appeal, Williams argues that the trial court erred in denying his request for a jury instruction on the justifiable use of nondeadly force. He maintains that while it is true that the evidence did not show that he reasonably believed that he needed to use force to defend himself from harm at the hands of Sarah Fournier, it did establish that he reasonably believed that it was necessary for him to use force to defend himself against the imminent use of unlawful force by the amassed crowd.
At trial Williams testified that during the incident between himself and Kunz, a crowd of about ten men was closing in on him, that the men were yelling racial slurs and threats, and that someone in the crowd actually hit him in the head. He further testified, “I felt the crowd of people started grabbing me and punching me in my head. So I just turned around and threw one punch, and just ran off and got in my car and left.”
On cross-examination, the following exchange occurred:
Q. And you had nothing to do with [Sarah Fournier] getting punched in the face?
A. Not that I know of.
[[Image here]]
*1166 Q. What does that mean, “Not that I know of’?
A. Like I didn’t look at Sarah and just straight punch her in her face.
Q.... Sarah was behind Heather. And so if you would have punched her, you would have known it. But you’re also saying not that you know of. How do you reconcile those two statements if she was behind Heather such that you would have known if you punched her and you’re saying not that you know of? A. I mean, you know, anybody could have punched her.
[[Image here]]
Somebody could have been trying to punch me and ended up punching her. I don’t know how she got hit.
[[Image here]]
Q.... Are you saying that you didn’t hit the victim?
A. Yes.
Q. So it’s not — not that you know of. It’s no, I didn’t hit her?
A. Yeah.
Based on Williams’ testimony, the trial court denied the requested jury instruction. The trial court noted that in order to be entitled to the instruction, a defendant must first admit that he actually committed the offense that he maintains he was justified in committing. The court concluded that Williams did not admit the offense because at one point in his testimony he stated that he never hit the victim. We do not agree.
“A ‘[defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such instructions.’ ” Aumuller v. State, 944 So.2d 1187, 1142 (Fla. 2d DCA 2006) (alteration in original) (quoting Hooper v. State, 476 So.2d 1258, 1256 (Fla.1985)); see also Arthur v. State, 717 So.2d 193, 194 (Fla. 5th DCA 1998) (“ ‘Where there is any evidence introduced at trial which supports the theory of the defense, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense when he so requests.’ ” (quoting Bryant v. State, 412 So.2d 347, 350 (Fla.1982))).
In Arthur, 717 So.2d 193, the defendant was charged with aggravated assault. The State maintained that during a verbal altercation with a female bar patron in the bar’s parking lot, Arthur pulled a shotgun from the back of his truck and pointed it at the victim, who was standing with the female by Arthur’s truck. Arthur, however, claimed that when he and the female bar patron began quarreling, the woman followed him into the parking lot and continued to shout at him. According to Arthur,
the crowd in the bar, armed with cue sticks and bottles of beer, followed [the woman] outside into the parking lot. He testified that he was in fear that the crowd would attack him and his truck ... [so] he displayed the shotgun without pointing it at anyone, which caused the crowd to disperse.
717 So.2d at 194. Arthur therefore requested a jury instruction on justifiable use of nondeadly force, but the trial court denied the request. The Fifth District reversed:
A defendant is entitled to an instruction on his theory of defense, “however flimsy” the evidence is which supports that theory, Vazquez v. State, 518 So.2d 1348, 1350 (Fla. 4th DCA 1987), or however “weak or improbable his testimony may have been[,]” Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982)....
In the instant case, Arthur clearly introduced sufficient evidence to support the instruction on the justifiable use of [nondeadly] force.... Arthur denied ever having pointed the shotgun at the *1167 victim as an individual but admitted threatening a crowd with the gun. Arthur further testified that he had no fear of the victim as an individual but that he was afraid of the crowd that was gathering around him, his girlfriend, and his truck immediately prior to his display of the shotgun. Having introduced evidence that he only used [non-deadly] force in the face of a fear of imminent bodily harm, Arthur was entitled to a jury instruction that his actions were legal under those circumstances.
Arthur, 717 So.2d at 194-95 (emphasis added).
Here, although Williams denied hitting the victim, he did admit that he threw a punch indiscriminately at the assembled crowd. We recognize that the self-serving nature of this testimony may render the evidence flimsy, but pursuant to Arthur, Williams was entitled to the requested jury instruction. As such, we reverse Willliams’ conviction and sentence and remand for a new trial.[1]
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.

. The only other meritorious issue raised by Williams on appeal is his challenge to the amount of restitution imposed. However, our disposition here renders that issue moot.