# Third District Court of Appeal

**State of Florida**

Opinion filed November 12, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-772
Lower Tribunal No. 14-3559

_____

**W.B., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria De Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SHEPHERD, ROTHENBERG and SCALES, JJ.

SCALES, J.

W.B., the defendant below, appeals his conviction for resisting arrest without violence after fleeing from a traffic stop. The trial court withheld adjudication and placed W.B., a juvenile, on probation. Because we conclude that the police officer did not have a lawful basis for the traffic stop that resulted in W.B.'s conviction, we reverse.

## I. Facts

On November 14, 2014, W.B., a minor who had turned sixteen years of age, was driving a motorized scooter at night in Miami. W.B. was not wearing protective eyewear; and W.B.'s recently obtained driver's license was suspended.

A police officer who knew W.B. from previous encounters over a period of several years, sought to stop W.B., ostensibly because the officer believed W.B. was not old enough to drive a scooter. Additionally, as the officer would later testify, the officer believed W.B. was required to wear protective eyewear.

At the police officer's approach, W. B. jumped off the scooter and fled from the officer on foot. Eventually, the officer apprehended W.B. at a nearby intersection.

W.B. was charged with resisting arrest without violence in violation of section 843.02 of the Florida Statutes. In relevant part, this statute provides: "Whoever shall resist, obstruct or oppose any officer . . . *in the lawful execution of*

*any legal duty*, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree . . . ." (emphasis added)

After the State rested its case, W.B. moved for a judgment of dismissal, arguing that the officer was not executing a legal duty when he tried to stop W.B. because the officer lacked a reasonable suspicion as a basis to make the stop.

The trial court denied W.B.'s motion and found W.B. guilty of resisting arrest without violence. W.B. timely appealed.

**II. Standard of Review**

In a juvenile proceeding, we apply a de novo standard of review to a trial court's denial of a motion of dismissal. I.M. v. State, 917 So. 2d 927, 928 (Fla. 1st DCA 2005).

**III. Analysis**

W.B. argues that, because the officer lacked reasonable suspicion to stop W.B., the State failed to establish an essential element of the crime of resisting arrest without violence; to wit, that the officer was lawfully executing a legal duty. Jay v. State, 731 So. 2d 774, 775 (Fla. 4th DCA 1999).

The State asserts that the officer was justified in stopping W.B. because the officer reasonably believed – from his prior encounters with W.B. – that W.B. was not old enough to operate a scooter (that is, W.B. was not yet sixteen years old).

3

The officer had several interactions with W.B. over the years, including a casual, non-investigatory encounter a few weeks before the date of arrest. In that recent encounter, the officer did not check W.B.'s status as a licensed driver. The officer testified that he maintained a general impression that W.B. was too young to operate a vehicle. There was no evidence that the officer knew W.B.'s birthday.

In fact, on the date of arrest, W.B. was about sixteen years and nine months old, indicating that the officer's knowledge about W.B.'s eligibility to hold a driver's license was more than nine months old. Therefore, we conclude that the officer's knowledge was stale. Moody v. State, 842 So. 2d 754, 758-59 (Fla. 2003) (holding that a police officer's information about a suspended license that was as much as three years old was too stale to justify an investigatory stop); see also State v. Wade, 673 So. 2d 906, 907 (Fla. 3d DCA 1996) (holding that a police officer's information about a suspended license from about eleven days prior to the arrest was not stale).[1]

Next, the State asserts that the officer's attempted stop was justified because W.B. was not wearing protective eyewear, as required by section 316.211(2) of the Florida Statutes. This statute requires motorcycle operators to wear an eye-protective device approved by Florida's Department of Highway Safety and Motor Vehicles. Section 316.211(3)(a) exempts from the requirement of protective

---

[1] The State concedes that, at the time of the stop, the officer was unaware that W.B.'s driver's license was suspended.

4

eyewear those operators who are at least sixteen and who are operating motorcycles either powered by motors smaller than fifty cubic centimeters or rated not in excess of two brake horsepower. § 316.211(3)(a) (2014). The State failed to produce any evidence that the scooter W.B. was operating was not covered by the exemption. Also, just as the stop was not justified based on the officer's stale belief that W.B. was not sixteen, the officer's related belief that W.B. was not exempted from protective eyewear was stale, as well.

In light of the foregoing, we conclude that the State failed to meet its evidentiary burden that the officer had a reasonable suspicion to stop W.B.[2]

Reversed.

---

[2] At oral argument, the State properly conceded that it could not rely on the "good faith" exception to the exclusionary rule of evidence to justify the stop in this case. See, e.g., Stone v. State, 856 So. 2d 1109, 1113 (Fla. 4th DCA 2003). Thus, the State failed to establish an essential element of the crime of resisting arrest without violence – that the police officer was engaged in the lawful execution of a legal duty when he attempted to stop W.B. Jay, 731 So. 2d at 775.