# Third District Court of Appeal

## State of Florida

Opinion filed May 2, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1593
Lower Tribunal No. 16-392
_____

**D.V., a Juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Howard K. Blumberg, Special Assistant Public Defender, and Jessica Biedron and Meagan Sanchez, Certified Legal Interns, for appellant.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab and Nikole Hiciano, Assistant Attorneys General, for appellee.

Before ROTHENBERG, C.J., and EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

D.V., a juvenile, appeals the trial court's order withholding adjudication of delinquency and placing him on probation after D.V. was found guilty of being a minor in possession of a firearm. We reverse because the evidence presented by the State was insufficient to prove D.V. had actual or constructive possession of the firearm.

The State charged D.V. with being a minor in possession of a firearm, in violation of section 790.22(3), Florida Statutes (2016), and filed a petition for delinquency. The evidence presented at the adjudicatory hearing established that on February 16, 2016, about 2:30 p.m., two City of Miami Gardens Police Department detectives were on patrol in an unmarked police vehicle. They were driving westbound on 180th Street when one of the detectives, Detective Buchanan, looked to the right and saw a male standing on the outside of a white five-passenger Audi vehicle. The male was speaking to the front-seat passenger of the Audi. Detective Buchanan saw three juveniles seated inside the vehicle. D.V. was sitting in the back seat, on the passenger side, of the Audi, which was parked in a residential area in the front of the home of the male who was standing outside the vehicle. The detectives did not see anyone moving inside the vehicle. The detectives did not stop but continued to drive around the block and back to the residence where the Audi was parked. The detectives then stopped behind the Audi, activated their lights and sirens, and radioed in the traffic stop, at which

2

point the male that had been standing outside the car ran into the house and stayed standing at the door.

Detective Buchanan testified that while still sitting in the police car, she had a clear view of the rear of the vehicle and could see one person in the driver's seat, one person in the front passenger's seat, and D.V. seated in the rear passenger's seat behind the front passenger. Detective Buchanan approached the driver's side of the Audi and saw that D.V. remained seated and made no movement of any kind inside the vehicle. Detective Buchanan was standing next to the rear driver's side door, when she looked through the open car window and saw a gun on the back seat behind the driver's seat, located near to where D.V. was seated. Detective Buchanan testified the gun was "like two or three feet" away from D.V. Detective Torres testified the gun was approximately six or twelve inches from D.V.'s leg. The trial court determined the weapon "was found either within a foot or two of [D.V.] near his thigh in the back seat . . . ."

Detective Buchanan alerted Detective Torres that there was a gun in the vehicle. Detective Torres, who had been approaching the vehicle, drew his weapon. Detective Buchanan then reached into the vehicle to secure the firearm. Detective Torres opened the rear passenger door, grabbed D.V., and arrested him. The two other juveniles were not arrested, and the detectives did not speak to the

3

male who ran into the house. No evidence was presented that D.V., who was fifteen-years-old at the time, was the owner of the vehicle.

The firearm was operable and loaded, but the firearm was never tested to see if D.V.'s fingerprints were on it. D.V. was cooperative and voluntarily provided a DNA sample. He did not make any statements to the detectives.

After the State rested its case, D.V. moved for a judgment of dismissal on the charge of a minor in possession of a firearm, contending that the State failed to establish the essential element of D.V.'s control or dominion over the firearm. The trial court denied the motion and thereafter adjudicated D.V. delinquent. D.V. now appeals.

The trial court's denial of the motion for judgment of dismissal is reviewed *de novo*. W.B. v. State, 179 So. 3d 411, 412-13 (Fla. 3d DCA 2015). "The evidence must be viewed in the light most favorable to the State." R.R.W. v. State, 915 So. 2d 633, 635 (Fla. 2d DCA 2005). We find the trial court erred in denying D.V.'s motion for judgment of dismissal because there was insufficient evidence to prove that D.V. had dominion or control over the firearm.

To prove actual or constructive possession of contraband, the State must prove the defendant had control over the contraband. G.G. v. State, 84 So. 3d 1162, 1164 (Fla. 2d DCA 2012). To establish actual possession, the State must prove "the contraband is (1) in the defendant's hand or on his person, (2) in a

4

container in the defendant's hand or on his person, or (3) within the defendant's 'ready reach.'" Sundin v. State, 27 So. 3d 675, 676 (Fla. 2d DCA 2009). The State must also prove the contraband was under the defendant's control. Id. In order to prove constructive possession, the State is required to prove the defendant had (1) dominion and control over the contraband, as well as (2) knowledge that the contraband was within the defendant's presence. Knight v. State, 186 So. 3d 1005, 1012 (Fla. 2016); Thompson v. State, 172 So. 3d 527, 530 (Fla. 3d DCA 2015). Either way, the State must prove the defendant had control over the contraband. G.G., 84 So. 3d 1164.

In addition, where contraband is found in a vehicle that is jointly occupied, "knowledge of the presence of the contraband and the accused's ability to maintain control over it will not be inferred and must be established by proof." Skelton v. State, 609 So. 2d 716, 717 (Fla. 2d DCA 1992). See also Sanders v. State, 210 So. 3d 246, 248 (Fla. 2d DCA 2017); Jennings v. State, 124 So. 3d 257, 262 (Fla. 3d DCA 2013). The State is required to prove control with independent proof. Tucker v. State, 198 So. 3d 1011, 1014 (Fla. 2d DCA 2016); Jennings, 124 So. 3d at 262; Sundin, 27 So. 3d at 677. This independent proof may consist of the "defendant's own statements, witness testimony, scientific evidence, or incriminating circumstances other than mere proximity to the contraband." Tucker, 198 So. 3d at 1014.

5

The State provided evidence that there was a firearm found in the back seat of the Audi, that the Audi was jointly occupied, that D.V. was a mere visitor, and that the firearm was found near D.V. while he was seated in the backset. However, the State provided no proof that D.V. had any control over the firearm. The detectives never saw D.V. move in any way, nor did they see D.V. reach for anything. Detective Buchanan testified that as she approached the driver's side of the vehicle, she saw D.V. seated and that D.V. never made any movement while inside the vehicle.

The evidence further indicated that D.V. was cooperative with the police. He made no statements to the police. He voluntarily provided his DNA sample for testing, but the State never introduced any DNA results at the hearing to connect D.V. to the firearm. The firearm found on the back seat of the Audi was never tested for fingerprints. As such, there were no fingerprints connecting D.V. to the firearm in question. In addition, the State presented no evidence at the hearing regarding ownership of the Audi.

Based on this set of facts, where the State only proved that D.V. was sitting in a jointly occupied vehicle in close proximity to the contraband, we must reverse the trial court's order denying D.V.'s motion for judgment of dismissal. Florida courts are clear that under this set of circumstances, reversal for possession of contraband is warranted. See Luu v. State, 203 So. 3d 201, 203 (Fla. 4th DCA

6

2016); Jennings, 124 So. 3d at 262; Ford v. State, 69 So. 3d 391, 395 (Fla. 2d DCA 2011); Butera v. State, 58 So. 3d 940, 941 (Fla. 2d DCA 2011); Watson v. State, 961 So. 2d 1116, 1117 (Fla. 2d DCA 2007); Martoral v. State, 946 So. 2d 1240, 1241-42 (Fla. 4th DCA 2007); J.A.C. v. State, 816 So. 2d 1228, 1229 (Fla. 5th DCA 2002); Cruz v. State, 744 So. 2d 568, 569 (Fla. 2d DCA 1999).

In sum, the State failed to prove an element of the crime of possession of a firearm—that D.V. had dominion and control over the firearm. Consequently, the trial court erred in denying D.V.'s Motion for Judgment of Dismissal for the charge of being a minor in possession of a firearm. We reverse and remand with instructions to dismiss the delinquency petition.[1]

Reversed and remanded with instructions.

---

[1] We note that the State cites to R.D.D., Jr. v. State, 15 So. 3d 857 (Fla. 1st DCA 2009), in support of its position that being the sole passenger in the backseat of a jointly occupied vehicle is sufficient to establish control over contraband in the backseat. However, R.D.D. relies on another First District Court of Appeal case, State v. Williams, 742 So. 2d 509 (Fla. 1st DCA 1999), wherein the defendant was the driver of the vehicle, and the facts demonstrate that the defendant was practically sitting on the contraband, a baggie of cocaine, that was found in the driver's seat of the vehicle that the defendant had been sitting in, two very distinguishing facts from those in the case before us. Therefore, according to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv), we certify conflict with R.D.D.