465 So.2d 1386 (1985)
Toribio PENA, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1176.
District Court of Appeal of Florida, Second District.
March 29, 1985.
*1387 James Marion Moorman, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Toribio Pena appeals his conviction and sentence for trafficking in cocaine. He contends that there was insufficient evidence to support the conviction. We agree and reverse.
Viewing the evidence in the light most favorable to the state, two undercover police officers arranged to purchase cocaine from a Robert Evans, whom they met in a bar in Clearwater. Evans and another man, Carlos Marques, drove to a house in Hialeah to obtain the cocaine. There, Evans and Marques met a man, not appellant, described only as "Marques' partner," who provided them with the cocaine. Evans and Marques made two visits to the house. On the first visit when they made the arrangements with Marques' partner, Pena was not there. When they returned the next day to pick up the cocaine before leaving town, Pena was sitting in the house reading a newspaper. Before Evans and Marques left, Marques' partner told them that Pena would accompany them to Clearwater to bring back the money from the drug transaction. Evans testified that he heard no conversation between Marques' partner and Pena to indicate that Pena knew the purpose of the trip. Evans testified he never talked with Pena because Pena spoke only Spanish. Neither Marques nor his partner testified at trial.
Through an interpreter, Pena denied any knowledge of the planned drug transaction. He testified that Marques only asked him to accompany Marques and Evans to Clearwater to help with the driving, as Marques was fatigued. In Pena's testimony, Marques told him that he had to go to Clearwater to pick up some clothing for his ill father and then return to Miami. Marques, according to Pena, offered to pay Pena to help him drive on the return trip from Clearwater.
Pena rode with Evans and Marques to Clearwater where the drug sale to the undercover officers took place in a shopping center parking lot almost immediately upon their arrival. When they arrived at the shopping center, Evans was driving the car. Marques was sitting in the front passenger *1388 seat and Pena was sitting in the back seat of the vehicle. When the officer asked if all the cocaine was there, Evans, Marques and Pena all nodded affirmatively. The officers had no previous knowledge of Pena or his possible involvement in the affair until he arrived in the car. Evans handed the officers some cocaine wrapped in a Spanish newspaper, whereupon all parties were arrested. A subsequent search of the car produced a box of cocaine in the trunk and a brown paper bag of cocaine on the right back floorboard, near where Pena had been sitting. Pena denied any knowledge of cocaine in the car.
Regardless of one's suspicions, the above evidence was insufficient as a matter of law to prove that Pena knowingly sold or delivered the cocaine or was knowingly in actual or constructive possession of the drug. The mere fact that the cocaine was found in a car of which Pena had joint possession does not establish his constructive possession of it. Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978); Thomas v. State, 297 So.2d 850 (Fla. 4th DCA 1974); Chariott v. State, 226 So.2d 359 (Fla. 3d DCA 1969). To establish constructive possession, the state had to prove that Pena had dominion and control over the cocaine, knew the cocaine was within his presence, and knew of its illicit nature. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983).
The state produced no direct evidence that Pena knew the purpose of the trip to Clearwater, had any knowledge of the drugs in the car or any control over them. Mere proximity to contraband, without more, is legally insufficient to prove possession. Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984). Pena's affirmative nod to the officers' question is meaningless because Pena spoke no English and even required an interpreter at trial. Regardless of whether one might suggest that Pena might have been able to speak or understand English, that fact was never substantiated by any evidence whatsoever. Therefore, there was no substantial, competent evidence to support the verdict and judgment. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
Our resolution of this issue makes it unnecessary to address Pena's other points on appeal. Accordingly, the judgment of guilt and sentence are hereby vacated and set aside and appellant's discharge is ordered on the charge giving rise to this appeal.
OTT and CAMPBELL, JJ., concur.