670 So.2d 1061 (1996)
Bobby Charles CLARK, Appellant,
v.
STATE of Florida, Appellee.
Case No. 94-03369.
District Court of Appeal of Florida, Second District.
March 15, 1996.
*1062 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Bobby Charles Clark appeals his conviction for possession of cocaine. We reverse because the evidence was insufficient to prove that Clark had constructive possession of the cocaine.
On February 15, 1994, a law enforcement officer and an informant went to the kitchen door of a residence and purchased $20 of cocaine from Clark. After the sale, Clark said, "You all come back," but told them not to bring anyone else to his house. A search warrant was later issued for the house. During the search on March 1, 1994, cocaine was found in a plastic vial in a kitchen drawer.
Clark was convicted of two counts of possession of cocaine and one count of sale of cocaine, based on the incidents on February 15th and March 1st. In this appeal he challenges only the conviction for possession of the cocaine found during the March 1st search. Clark argues that the trial court erred in not granting his motion for judgment of acquittal as to that charge.
Since Clark was not in actual possession of the cocaine at the time the house was searched, he could be convicted only if he was found to have constructive possession of the drug. In order to prove constructive possession, the state must show that Clark knew of the presence of the drug, knew of its illicit nature, and had or shared dominion and control over it. See Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991). For the purposes of Clark's motion for judgment of acquittal, the state's evidence as to his residency in the house was sufficient to show that the defendant shared dominion and control with another resident over the drawer where the cocaine was found.
The remaining question is whether the state presented sufficient evidence to show that Clark knew of the presence of the cocaine. There is no direct evidence that he did. The defendant's fingerprints were not found on the container of cocaine. The cocaine was found in a kitchen drawer which also contained a man's watch and a lipstick. Thus, the contents did not point to the drawer being used exclusively by either Clark or his female roommate.
Clark's actions and statements to the officer and the informant on February 15th indicate that he was in possession of cocaine in the house on that date and that he might be in possession of cocaine in the house in the future. While those statements are evidence that the cocaine later found in the house might have belonged to the defendant, neither those statements nor the other evidence rule out the possibility that the seized cocaine belonged to the other resident of the house. Nor does the evidence prove that the defendant knew of the existence of this particular cocaine on this date.
Because the evidence did not exclude all reasonable hypotheses of Clark's innocence, the motion for judgment of acquittal should have been granted. Accordingly, Clark's conviction for one count of possession of cocaine is vacated.
RYDER, A.C.J., and BLUE and FULMER, JJ., concur.