THREADGILL, Acting Chief Judge.
T.R.W., a juvenile, appeals adjudications of delinquency for possession of marijuana and possession of cocaine. He argues that the trial court erred in denying his motion for judgment of acquittal where the State failed to present competent, substantial evidence to prove constructive possession. We believe the State presented sufficient evidence from which the trier of fact could infer T.R.W.’s knowledge of the presence of the marijuana, but insufficient evidence to establish his knowledge of the cocaine. We, therefore, affirm the adjudication for possession of marijuana, but reverse the adjudication for possession of cocaine.
Testimony presented at the adjudicatory hearing revealed that on August 8, 1997, T.R.W. and a Mend named Nick asked Kenneth Meade for a ride to a woman’s house to pick up some items. T.R.W. and Nick rode in the back of Kenneth’s pick-up truck. When they arrived at the house on North Lamar Street, T.R.W. and Nick got out of the truck. Unknown to the young men, the house was under surveillance by a police officer. The officer had received a telephone call from an informant, who stated that guns and narcotics were being stored at the house. The female informant told the officer that Nick had brought a bag and a box to her house.
The officer watched as Nick entered the house and T.R.W. waited at the porch. After approximately one minute, Nick came out of the house, carrying a black gym bag and a white lock box. He handed the box to T.R.W., and they walked back to the truck. T.R.W. never opened the box. Nick asked Kenneth if they could put the box inside the truck. Kenneth told them to put it in the back of the truck. Nick got into the back of the truck, and T.R.W.- handed the box to Nick, who put it into the truck’s toolbox. T.R.W. then got into the back of the truck.
The truck pulled away, and the officer initiated a stop. The officer obtained permission to search the truck, and he found the gym bag and the lock box. The gym bag was open, and there was an empty holster inside. The lock box was locked. No one claimed ownership or control of the lock box. Based on the informant’s statement and his own corroborating observations, the officer obtained a search warrant for the lock box. Inside the box, he found 988 grams of marijuana and five grams of rock cocaine.
Thereafter, T.R.W. was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). He then told the officer that he suspected marijuana was inside the box. He stated that he and Nick had taken some guns wrapped in bed sheets and the lock box to the house on North Lamar Street. T.R.W. said that Nick was concerned police officers may be coming for him, because a search warrant had been served on a friend of his named Lucky.
*468 After the State rested, T.R.W.’s attorney moved for a judgment of acquittal. She argued that the State failed to prove T.R.W. knew the contents of the box and, therefore, failed to prove an essential element of the crime of possession. The trial court denied the motion and subsequently adjudicated T.R.W. delinquent for possession of marijuana and possession of cocaine.
To establish constructive possession, the State must prove that T.R.W. knew the drugs were within his presence, knew of their illicit nature, and had dominion and control over the drugs. See Loyd v. State, 677 So.2d 76 (Fla. 2d DCA 1996); Green v. State, 667 So.2d 208 (Fla. 2d DCA 1996). Because the truck and the tool box were not within T.R.W.’s exclusive control, his knowledge of the presence of cocaine and his ability to control it could not be inferred, but had to be established by independent proof. See Green, 667 So.2d at 211. That proof could consist of incriminating statements and circumstances from which the trier of fact could infer such knowledge. See Loyd, 677 So.2d at 77.
In this case, the State presented sufficient evidence to prove possession of marijuana. The trial court, as the trier of fact, could have reasonably inferred T.R.W.’s knowledge of the presence of the marijuana from his statement that he suspected the box contained marijuana. With regard to dominion and control, “the evidence must establish the defendant’s conscious and substantial possession, as distinguished from mere involuntary or superficial possession, of the contraband.” Isaac v. State, 730 So.2d 757 (Fla. 2d DCA, 1999). Here, T.R.W. helped his friend Nick move a box containing what he suspected to be marijuana to another location to prevent its detection in the event a search warrant was executed. He later assisted in retrieving the box and its contents. He carried the box to a truck, and Nick placed it in a tool box. He got into the back of the truck, where he and Nick had equal access to the tool box. This evidence was sufficient to indicate conscious and substantial possession.
Although the State presented sufficient evidence to link T.R.W. to the marijuana, it presented no evidence to establish his knowledge of the presence of cocaine. The officer testified that he watched the truck carrying T.R.W. and Nick arrive at the North Lamar Street home. Nick went inside and retrieved the box. After that, T.R.W. never opened the box. It is possible the cocaine was placed in the box without T.R.W.’s knowledge. The evidence supporting possession of cocaine was circumstantial, and the State failed to present any evidence that was inconsistent with the reasonable hypothesis of innocence. Therefore, the adjudication for possession of cocaine cannot be sustained. See Green, 667 So.2d at 212.
Accordingly, we affirm the adjudication for possession of marijuana, but reverse the adjudication for possession of cocaine.
Affirm in part, reverse in part.
ALTENBERND and CASANUEVA, JJ., Concur.