975 So.2d 595 (2008)
STATE of Florida, Appellant,
v.
Angela Deshone HOLLAND, Appellee.
No. 2D07-1091.
District Court of Appeal of Florida, Second District.
March 5, 2008.
*597 Bill McCollum, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
STRINGER, Judge.
The State seeks review of the order dismissing the information that charged Angela Holland with trafficking in illegal drugs, possession of cannabis (less than 20 grams), and possession of drug paraphernalia. Because there was a material fact in dispute and because the undisputed facts establish a prima facie case against Holland, we reverse the order and remand for further proceedings.
The charges against Holland arose from a search of her home pursuant to a search warrant obtained based on the sheriff's observance of two controlled drug transactions conducted out of the home. Holland was not present during either transaction, the first of which was conducted by Holland's daughter, and the second by her son.
The home consisted of three bedrooms: a master bedroom, a room with a crib, and a room with a bunk bed, all of which appeared occupied. During the search of the master bedroom belonging to Holland, officers found, in plain view, 3.3 grams of marijuana in a plastic bag located on Holland's bed, 41 Hydrocodone pills in a separate plastic bag, 3 Hydrocodone pills located in a plastic cup on Holland's headboard, and, in the same cup, a Cigna Health Insurance card bearing Holland's name. Also located in the bedroom was mail addressed to Holland. Present during the search were Holland's 22-year-old daughter, with her baby, both of whom resided with Holland. Holland's son occasionally resided with Holland but was not present during the search.
Holland filed a motion to dismiss the information, arguing that based on the undisputed facts, the State failed to establish the first element of constructive possession, dominion and control over the contraband. The trial court agreed and dismissed the information. A motion to dismiss must establish that (1) there are no material facts in dispute and (2) the undisputed facts do not establish a prima facie case of guilt against the defendant. State v. Kalogeropolous, 758 So.2d 110 (Fla.2000). All facts and inferences are to be viewed in the light most favorable to the State. Id. at 112. We review de novo the trial court's Order Dismissing Information, Bell v. State, 835 So.2d 392 (Fla. 2d DCA 2003), and we reverse.
The charges against Holland are based on constructive possession because the contraband was not found in Holland's actual possession. See Loyd v. State, 677 So.2d 76 (Fla. 2d DCA 1996). To establish a prima facie case based on constructive possession, the State must show that (1) Holland had "dominion and control" over the contraband and (2) she had knowledge of the presence of the contraband. Edmond *598 v. State, 963 So.2d 344 (Fla. 4th DCA 2007). The existence of these two elements will be inferred if the premises where the contraband was found is in the defendant's exclusive possession. Lopez v. State, 711 So.2d 563, 565 (Fla. 2d DCA 1997). If possession is not exclusive, the two elements will not be inferred and must be proven by independent proof. Loyd, 677 So.2d 76. "`Such proof may consist either of evidence of actual knowledge of the contraband's presence or evidence of incriminating statements and circumstances from which the jury might lawfully infer the accused's actual knowledge of the presence of contraband.'" Ogle v. State, 820 So.2d 1054, 1055 (Fla. 4th DCA 2002) (quoting Moffatt v. State, 583 So.2d 779, 781 (Fla. 1st DCA 1991)).
It is undisputed that the narcotics were discovered by detectives in a bedroom that belonged to Angela Holland. At the hearing on the motion to dismiss, Holland presented the possibility that Holland's daughter occupied the master bedroom with Holland, contrary to the State's allegation of Holland's exclusive occupancy. With this assertion, however, Holland created a dispute of material fact as to exclusive occupancy, and a motion to dismiss is thus not proper. See Kalogeropolous, 758 So.2d at 111.
Furthermore, it is well settled that all inferences must be in favor of the State on a motion to dismiss. Id. at 112. Clearly an inference could be made from the evidence that Holland, the owner of the home, resided alone in the master bedroom, the baby resided in the room containing the crib, and Holland's daughter resided in the remaining room. Based on this inference, the State has met its burden as to the element of dominion and control and established a prima facie case of guilt based on constructive possession. See Edmond, 963 So.2d at 346. The State need not prove its case conclusively to defeat a motion to dismiss. See State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000).
Even assuming the State failed to allege sufficient evidence that the master bedroom was exclusively occupied by Holland, the State presented evidence of incriminating circumstances from which Holland's dominion and control may be inferred. Specifically, the evidence shows the contraband was found in plain view in Holland's bedroom and in close proximity to Holland's Cigna card and other belongings. This is direct evidence connecting Holland to the contraband from which a jury could infer actual knowledge. See, e.g., Lopez, 711 So.2d at 564 (discussing circumstances from which a trier of fact could infer actual knowledge of contraband, including proximity of the contraband to the defendant's belongings and finding contraband in plain view); Loyd, 677 So.2d at 77-78 (same); Edmond, 963 So.2d at 346 (same). The State has presented sufficient evidence to survive a motion to dismiss. See State v. McQuay, 403 So.2d 566, 567-68 (Fla. 3d DCA 1981) ("[I]f there is any evidence upon which a reasonable jury could find guilt, such a motion must be denied.")
Because Holland failed to establish a lack of dispute as to material facts, and because the State alleged sufficient evidence to establish a prima facie case of guilt against Holland, we reverse the Order Dismissing Information and remand to the trial court for further proceedings.
Reversed and remanded.
WHATLEY, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.