995 So.2d 535 (2008)
Vernon Denor JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-734.
District Court of Appeal of Florida, Second District.
August 1, 2008.
*536 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
*537 CANADY, Judge.
Vernon Denor Jackson appeals his judgments and sentences for possession of cocaine and of methylene-dioxymethamphetamine (MDMA), a hallucinogenic drug commonly known as Ecstasy. The drugs were found near Jackson in his residence when the police entered the residence to execute a search warrant. Jackson argues that the trial court erred in denying his Florida Rule of Criminal Procedure 3.380 motion for judgment of acquittal.
Jackson's motion asserted that the evidence at trial was insufficient to overcome Jackson's reasonable hypothesis of innocence that the cocaine and MDMA were placed where the police found them by an occupant of the dwelling other than Jackson and that thus there was no basis for the jury to find that Jackson was in constructive possession of the drugs. We conclude that a rational jury could reject Jackson's hypothesis of innocence and that the trial court therefore did not err in denying Jackson's motion for judgment of acquittal.

I. Background

At trial, two officers testified that just prior to their entry into the residence, they saw people looking out a window and heard them running toward the back of the house. Immediately upon entry, they encountered Jackson in an area between the kitchen and living room. It is apparent from the record that the kitchen and the living room were not separated by a wall. One officer testified that he saw Jackson sitting in a wheelchair and that Jackson did not attempt to flee when the officers entered the residence. Another officer testified that he did not recall whether Jackson was sitting in a wheelchair or was on the floor.
The officers discovered a Burberry-type purse located on the kitchen floor directly in front of the sink. Photographs in evidence show the Burberry purse to be a large shoulder bag. The purse was approximately five feet from Jackson. Located on the floor beside the purse were a cigarette case and a change purse. One of the officers testified that "it appeared that the [Burberry] purse was ... tossed and the things fell out of the purse." According to the officer, the change purse and the cigarette case appeared to have spilled out of the Burberry purse with some "velocity." Inside the change purse, the officers discovered cocaine and a green cigar tube containing pills which were later determined to be MDMA. When the officers found the change purse, it was open but its contents were not visible. Inside the cigarette case, the officers discovered a credit card bearing the name "Vernon Jackson." Nothing illegal was found in the Burberry purse.
One of the officers testified that he knew Jackson routinely carried a purse. According to the officer, he had never seen Jackson without a purse. However, no fingerprints were found on the items containing the drugs and neither the Burberry purse nor the change purse was submitted for fingerprint analysis.
Jackson admitted to the officers that he lived in the south bedroom of the house. The officers' testimony also indicated that at least twobut possibly threeother men were found in separate areas of the house, while one or two more men were found right outside the house. One of the men in the house was found sitting in the south bedroom. Drugs were found underneath him; drug paraphernalia was also located nearby. There were no women on the premises.
At the close of the State's case, defense counsel moved for judgment of acquittal, arguing that the evidence was insufficient to convict Jackson because: (1) there was *538 no evidence that the Burberry purse belonged to Jackson, (2) there was no evidence that the change pursein which the cocaine and Ecstasy pills were found belonged to Jackson, (3) there was no evidence that the drugs found in the change purse belonged to Jackson, and (4) there was no evidence linking the credit card bearing Jackson's name to the change purse. The defense contended that the State failed to present evidence rebutting the reasonable hypotheses of innocence that "the Burberry purse, if it had contained the smaller change purse, was possessed by one of the other males inside the home" or that "even if the Burberry purse did belong to [Jackson,] any of the other males inside the home could have thrown or placed the smaller change purse in the area where the Burberry purse was located." The trial court denied the motion, and Jackson subsequently declined to testify. After renewing the motion for judgment of acquittal, which was denied, the defense rested. Ultimately, the jury returned guilty verdicts on both charges.
On appeal, Jackson argues that the circumstantial evidence in this case was insufficient to prove that he had knowledge of or dominion and control over the drugs. Jackson also contends that the evidence was not inconsistent with his reasonable hypothesis of innocence.

II. Analysis

In considering the merits of Jackson's argument, we first review the law governing judgments of acquittal for insufficient evidence. We then turn to a brief discussion of the law concerning constructive possession. Finally, we evaluate Jackson's claim that the evidence was insufficient to establish that he constructively possessed the drugs and to rebut his hypothesis of innocence.

A. Judging the Sufficiency of the Evidence

A defendant is entitled to the entry of a judgment of acquittal by the trial court if "the evidence is insufficient to warrant a conviction." Fla. R.Crim. P. 3.380(a). The supreme court has outlined the framework we utilize in evaluating a claim that a trial court erred in the disposition of a motion for judgment of acquittal:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. However, if the State's evidence is wholly circumstantial, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant's reasonable hypothesis of innocence.
Pagan v. State, 830 So.2d 792, 803 (Fla. 2002) (citations omitted).
In determining whether there is sufficient evidence to support a conviction, neither a trial court nor an appellate court should base its judgment on whether the court itself is convinced that the evidence established the defendant's guilt beyond a reasonable doubt. A jury's determination that the evidence is sufficient can be overturned only if no "rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." Id. (emphasis added). "Where there is room for a difference of opinion between reasonable [people] as to the proof or facts[,] ... it is [the jury's] conclusion ... that should prevail...." Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
*539 The standard applicable under Florida law parallels the standard articulated by the United States Supreme Court governing habeas challenges based on claims that due process was violated by state court convictions on insufficient evidence. "[T]he critical inquiry" in such cases is
to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citation, quotation marks, and footnote omitted).
"The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, [the conviction] will not [be] reverse[d]." State v. Law, 559 So.2d 187, 188 (Fla.1989). "A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." Id.
In determining whether to uphold a jury's rejection of the defendant's hypothesis of innocencethat is, the jury's decision to "infer guilt to the exclusion of all other inferences"a court must view the evidence "in the light most favorable to the state." Id. at 189. "[T]he test... is not whether, in the opinion of the trial court or the appella[te] court, the evidence ... exclude[s] every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude." Amato v. State, 296 So.2d 609, 610 (Fla. 3d DCA 1974); see also Tsavaris v. State, 414 So.2d 1087, 1089 (Fla. 2d DCA 1982); Cochran v. State, 711 So.2d 1159, 1162 (Fla. 4th DCA 1998). "The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." Law, 559 So.2d at 189 (quotation marks and footnote omitted).

B. Establishing Constructive Possession

"In a constructive possession case, the State's burden is to show beyond a reasonable doubt that the defendant [1] knew of the presence of the contraband and that he [2] had the ability to exercise dominion and control over it." Wagner v. State, 950 So.2d 511, 512 (Fla. 2d DCA 2007). To establish constructive possession of an item of contraband, the relevant circumstances must show "such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession." United States v. Casalinuovo, 350 F.2d 207, 209 (2d Cir. 1965).
The surrounding circumstances must support the inference of "a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession." Reynolds v. State, 92 Fla. 1038, 111 So. 285, 286 (1926); see also Chicone v. State, 684 So.2d 736, 738 (Fla.1996), superseded by statute on other grounds as stated in Whitehurst v. State, 852 So.2d 902, 903 (Fla. 2d DCA 2003). "Mere proximity to contraband, without more, is legally insufficient to *540 prove possession." Pena v. State, 465 So.2d 1386, 1388 (Fla. 2d DCA 1985); see also Person v. State, 950 So.2d 1270, 1272 (Fla. 2d DCA 2007).
"The existence of [the elements of knowledge and dominion and control] will be inferred if the premises where the contraband was found is in the defendant's exclusive possession." State v. Holland, 975 So.2d 595, 598 (Fla. 2d DCA 2008). "If the premises where contraband is found is in joint, rather than exclusive, possession of a defendant, however, knowledge of the contraband's presence and the ability to control it will not be inferred from the ownership but must be established by independent proof." Brown v. State, 428 So.2d 250, 252 (Fla.1983) (citing Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981), and Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967)). Thus, where contraband is found in premises occupied by more than one person, constructive possession may be established through "evidence that the defendant had actual knowledge of the presence of the contraband or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer the defendant's knowledge" of the contraband. Wagner, 950 So.2d at 513.
Where premises are jointly occupied and "contraband is discovered in plain view in the presence of the owner or occupant[,]" the circumstances are "sufficient to support a conviction for constructive possession." Brown, 428 So.2d at 252.
An inference of knowledge, and dominion and control may also arise where the contraband located in jointly occupied premises is found in or about other personal property which is shown to be owned or controlled by the defendant. See Holland, 975 So.2d at 598 (stating that discovery of contraband "in close proximity to [defendant's health insurance] card and other belongings" was "direct evidence connecting [defendant] to the contraband from which a jury could infer actual knowledge"); Wale, 397 So.2d at 740 (holding that circumstance that contraband was found in a box bearing defendant's name was sufficient to support an inference of knowledge and dominion and control); see also State v. Fossett, 119 N.H. 155, 399 A.2d 966, 968 (1979) (discussing cases in which "personal possessions of the defendant stood in close proximity to the controlled substance, providing a sufficiently close nexus between the defendant and the substance to allow the jury to infer possession"); Gee v. State, 810 N.E.2d 338, 343 (Ind.2004) (stating "that the mingling of the contraband with other items owned by the defendant is an additional circumstance demonstrating the probability that the defendant knew of the presence and character of the controlled substance"); cf. Loyd v. State, 677 So.2d 76, 78 (Fla. 2d DCA 1996) (concluding that evidence did not establish constructive possession and stating that "no evidence showed the drugs were found in proximity to belongings known to be [defendant's]").

C. The Sufficiency of the Evidence Against Jackson

Here, the jury's conclusion that Jackson was in constructive possession of the drugs was supported by the fact the drugs were found approximately five feet from Jackson in the change purse that appeared to have spilled from the Burberry purse, along with the cigarette case containing a credit card bearing Jackson's name. The surrounding circumstances provided justification for a rational jury to conclude beyond a reasonable doubt that the drugs contained in the change purse were known to Jackson and were under his dominion and control.
*541 The fact that Jackson was known to habitually carry a purse and the presence of his credit card support the conclusion that the Burberry purse was Jackson's. This conclusion finds further support in the absence of any evidence that any other large purse such as the Burberry purse was found in the dwelling. The conclusion that the drugs in the change purse belonged to Jackson was supported by the location of the change purse juxtaposed with the Burberry purse and the cigarette case and the testimony indicating that the change purse appeared to have spilled out of the Burberry purse when it was thrown.
In light of all the relevant circumstances, a rational jury viewing the facts in the light most favorable to the State could conclude that Jackson's hypothesis of innocence was not reasonable. There was no evidence that any of the other men who were on the premises when the drugs were found carried a purse of any sort. There was no evidence in or around the Burberry purse or the change purse that they belonged to anyone other than Jackson. It is apparent from the size and design of the change purseas shown by the photographs admitted into evidencethat it was made to be carried in a larger purse and would not be suitable for carrying in a man's pocket. These circumstances are all inconsistent with Jackson's theory of events.
Jackson relies on Cook v. State, 571 So.2d 530 (Fla. 1st DCA 1990), and Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977), both of which held that the evidence was insufficient to support a conviction based on constructive possession of contraband. His reliance is unwarranted. Both Cook and Doby turned on the state's failure to adduce any evidence that was inconsistent with the defendant's theory of events. Here, in contrast, the evidence supported a determination by the jury that the defense theory was not reasonable.

III. Conclusion

The trial court correctly concluded that the evidence was sufficient to warrant the convictions. We therefore affirm Jackson's judgments and sentences.
Affirmed.
CASANUEVA and WALLACE, JJ., Concur.