LaROSE, Judge.
 

 Harry Lynn Ford appeals an order revoking his community control and the resulting five-year prison sentence.
 
 [1]
 
 The trial court erred in finding that Mr. Ford violated conditions (5) and (7); the State failed to establish Mr. Ford’s constructive possession of marijuana found in a car in which he was a passenger, in his recording studio, and in his apartment. Because we cannot determine whether the trial court would have revoked Mr. Ford’s community control based only upon his violations of conditions (6) and (15), we must reverse.
 

 Presumably suspecting illegal drug activity, Tampa Police Officer Schlemmer was conducting surveillance of Mr. Ford and his recording studio business. Officer Schlemmer saw Mr. Ford outside the studio speaking with Community Control Officer Freed-Vest. After Officer Freed-Vest left, Officer Schlemmer saw an unknown man and woman in a white car approach Mr. Ford. They exited the car and entered the studio with Mr. Ford. When they came out, the man appeared to have stuffed something in the front of his shorts. They got into the car; the man drove, the woman sat in the front passenger seat, and Mr. Ford sat in the passenger seat behind the driver. Officer Schlemmer contacted Officer Freed-Vest because Mr. Ford’s community control conditions confined him to his office and his home. Officer Freed-Vest arrived at the studio after Mr. Ford had left in the white car. She found a Mr. Jackson there. She asked him to have Mr. Ford call her, and then she left.
 

 Eventually, the white car returned. Mr. Ford stayed in the back seat while the unknown man went inside the studio. When he came out, he, the woman, and Mr. Ford drove away again. Officer Schlemmer followed them and stopped the car when it ran a stop sign. He contacted Officer Freed-Vest. When she arrived, the car was still running and the doors were open. Officers had already placed
 
 *393
 
 Mr. Ford, the man, and the woman in squad cars.
 

 Marijuana in the Car
 

 At the traffic stop scene, Officer Freed-Vest saw a gallon-sized ziplock bag of marijuana on the back seat passenger-side floorboard and a white trash bag containing a second large ziplock bag of marijuana on the passenger-side back seat. According to Officer Schlemmer, Mr. Ford told him that the driver had handed the contraband to him when the officers stopped the car and told Mr. Ford to hide it in the back seat armrest compartment.
 

 When Officer Freed-Vest spoke to Mr. Ford in the squad car, he denied that the marijuana was his. He told her that he thought both ziplock bags had been in the white trash bag and that one had fallen out onto the floor board when the driver threw them into the back seat. The officers arrested Mr. Ford for possession of 1104 grams of marijuana and possession of marijuana with intent to sell or deliver. The trial court found that Mr. Ford committed two violations of community control condition (5), as charged, by failing to live and remain at liberty without violating any law and one violation of condition (7) by possessing drugs not prescribed by a physician.
 

 The evidence, however, was insufficient to establish that Mr. Ford possessed the marijuana. “All possession crimes may be either actual or constructive. ... Possession is actual when the contraband is (1) in the defendant’s hand or on his person, (2) in a container in the defendant’s hand or on his person, or (8) within the defendant’s ‘ “ready reach” ’
 
 and
 
 the contraband is under his control.”
 
 Sundin v. State,
 
 27 So.3d 675, 676 (Fla. 2d DCA 2009) (quoting
 
 Harris v. State,
 
 954 So.2d 1260, 1262 (Fla. 5th DCA 2007)). Despite Mr. Ford’s admission that the driver tossed the marijuana to him to hide, this momentary possession did not establish Mr. Ford’s dominion and control over the contraband.
 
 See Campbell v. State,
 
 577 So.2d 932, 935 (Fla.1991) (holding defendant’s temporary possession of kilo of cocaine in owner’s presence to inspect it before (unconsummated) purchase did not infer dominion or control);
 
 Roberts v. State,
 
 505 So.2d 547, 549 (Fla. 3d DCA 1987) (holding defendant’s transitory touching of bale of marijuana when he weighed it to be purchased by third party did not establish dominion and control for possession charge). Therefore, Mr. Ford did not have actual possession when stopped by Officer Schlemmer.
 

 To prove constructive possession of the contraband, the State must show that Mr. Ford knew of its presence and “had the ability to exercise dominion and control over it.”
 
 Wagner v. State,
 
 950 So.2d 511, 512 (Fla. 2d DCA 2007). The fact that the car did not belong to him weighs against a finding of constructive possession.
 
 See Martoral v. State,
 
 946 So.2d 1240, 1243 (Fla. 4th DCA 2007);
 
 Harris v. State,
 
 647 So.2d 206, 208 (Fla. 1st DCA 1994) (citing
 
 Poitier v. State,
 
 525 So.2d 472, 473 (Fla. 5th DCA 1988)). And, as described above, the momentary possession by Mr. Ford does not equate to dominion and control. Thus, on the record before us, the evidence was insufficient to satisfy the preponderance of the evidence requirement to find violations of community control conditions (5) and (7) based upon Mr. Ford’s possession of the marijuana discovered in the car.
 
 See Martoral,
 
 946 So.2d at 1243 (holding evidence that marijuana was found in jointly occupied vehicle in open view was insufficient to establish defendant’s dominion and control by preponderance of evidence);
 
 Butera v. State,
 
 58 So.3d 940, 942-43 (Fla. 2d DCA 2011) (holding evidence was insufficient to establish preponderance of evidence of appellant’s ability to control drugs, where drugs found in compartment on back of passenger seat and appellant was sole back-seat passenger).
 

 
 *394
 

 Marijuana in the Studio
 

 Officer Vasconi arrived at the scene of the traffic stop and suspected there were drugs at the recording studio. Mr. Ford denied it and consented to a search of the studio. Officers Vasconi and Freed-Vest discovered a blue bag in plain view on the floor in a back room. They opened it and found a digital scale and a one-pound bag of marijuana.
 
 [2]
 
 Officer Freed-Vest also found a large ziplock bag of marijuana in a closed shoe box next to a sound board. They found a total of 977 grams of marijuana. Neither cache was in plain view; each was inside a closed container. Neither container displayed any owner identification, and the officers did not test for fingerprints. As to this contraband, the trial court found that Mr. Ford violated community control condition (7) by possessing drugs not prescribed by a physician.
 

 Again, the evidence was insufficient to establish that Mr. Ford constructively possessed the marijuana. Where contraband is discovered in jointly occupied premises, the defendant’s “knowledge of the contraband’s presence and the ability to control it will not be inferred from the ownership [of the premises] but must be established by independent proof.”
 
 Brown v. State,
 
 428 So.2d 250, 252 (Fla.1983);
 
 see also Diaz v. State,
 
 884 So.2d 387, 389 (Fla. 2d DCA 2004) (reversing constructive possession conviction when drugs were found in shoe box accessible to three people and State failed to present independent proof of defendant’s knowledge).
 

 Loyd v. State,
 
 677 So.2d 76 (Fla. 2d DCA 1996), is instructive. The trial court revoked Loyd’s probation after police found drugs in the building where he worked and lived. Employees, customers, and friends had access to the residence portion of the building.
 
 Id.
 
 at 77. Two people were there when officers arrived to conduct the search.
 
 Id.
 
 Loyd was not present and later denied knowledge or possession of the drugs.
 
 Id..
 
 We reversed, holding that the State failed to prove constructive possession because “[n]one of the evidence seized was submitted for fingerprint analysis, no evidence showed the drugs were found in proximity to belongings known to be Loyd’s, no testimony placed the drugs in Loyd’s possession, [] he denied knowledge of the drugs ..., and two other people were in the residence during his absence.”
 
 Id.
 
 at 78. Similarly here, the officers failed to submit any fingerprint analysis, no testimony placed the drugs in Mr. Ford’s possession, he denied knowledge of the drugs, and at least two other people were in the studio in Mr. Ford’s absence.
 
 See Wagner,
 
 950 So.2d at 512-13 (citing
 
 Law,
 
 559 So.2d at 188). Thus the State failed to establish by a preponderance of the evidence that Mr. Ford constructively possessed the marijuana in the studio because the studio was jointly occupied and the State did not submit independent proof of Mr. Ford’s knowledge of the marijuana’s presence or his ability to exercise control over the marijuana. Accordingly, the trial court erred in finding that Mr. Ford violated community control condition (7) based upon his possession of the marijuana found in the studio.
 

 Marijuana in the Apartment
 

 Mr. Ford’s girlfriend, Ms. Davis, came to the studio after Mr. Ford’s arrest. Officer Freed-Vest asked her if there were any drugs at the apartment that she shared with Mr. Ford. Ms, Davis replied
 
 *395
 
 that she did not think so. She consented to a search of the apartment after Officer Freed-Vest told her that they could search, even -without her permission, under the conditions of Mr. Ford’s community control.
 
 [3]
 
 Two officers followed Ms. Davis to the apartment. Mr. Ford had already been transported to the police station. In the bedroom closet, Officer Vasconi found a digital scale and a large pickle jar containing 61 grams of marijuana wrapped in plastic bags. Officer Freed-Vest testified that she saw men’s clothing in the closet, but she was unsure whether there was any women’s clothing. As to this contraband, the trial court found that Mr. Ford violated community control condition (7) by possessing drugs not prescribed by a physician.
 

 The State failed to prove constructive possession of the marijuana-filled jar and scale. The bedroom in which they were found was jointly occupied. The contraband was concealed from view in the bedroom closet. The State did not present any independent proof of Mr. Ford’s knowledge of the presence of or his ability to exercise control over the marijuana and scale discovered in the apartment, and thus the circuit court erred in finding a violation of community control condition (7) based upon Mr. Ford’s possession of this contraband.
 
 See Wagner,
 
 950 So.2d at 513 (holding no constructive possession where drugs found in shared apartment concealed under dresser, in men’s pockets of men’s clothing in closet, and in cigar box and no independent evidence showed items belonged to defendant);
 
 Diaz,
 
 884 So.2d at 389;
 
 Loyd,
 
 677 So.2d at 77-78.
 

 Conclusion
 

 The trial court abused its discretion in ruling that Mr. Ford violated his community control conditions (5) and (7).
 
 See Eubanks v. State,
 
 903 So.2d 1005, 1006 (Fla. 2d DCA 2005) (using abuse of discretion standard to review community control violation). Mr. Ford does not appeal the trial court’s ruling that he also violated conditions (6), associating with persons involved in criminal activity, and (15), failing to remain confined to his approved residence. It is unclear from the record whether the trial court would have revoked Mr. Ford’s community control and imposed the same sentence based on violations of these two conditions alone.
 
 See Williams v. State,
 
 787 So.2d 180, 182 (Fla. 2d DCA 2001);
 
 Ubiles v. State,
 
 23 So.3d 1288, 1292 (Fla. 4th DCA 2010). Therefore, we reverse the order of revocation and remand for the trial court to consider whether the two remaining violations alone warrant revocation and, if it so finds, to enter a written order in conformity therewith.
 

 Reversed and remanded.
 

 WALLACE, J., and LENDERMAN, JOHN C., Associate Judge, Concur.
 

 [1]
 

 . Mr. Ford had been convicted for possession of cannabis with intent to sell or deliver, possession of drug paraphernalia, fleeing and attempting to elude a police officer, and driving while license canceled, suspended, or revoked.
 
 See
 
 §§ 316.1935, 322.34(2)(a), 893.13, and 893.147, Fla. Stat. (2008).
 

 [2]
 

 . The scale and the marijuana were not in plain view because they had been inside of the blue bag.
 

 [3]
 

 . The record shows that warrantless searches were not a condition of Mr. Ford’s community control. Submission to warrantless search is a special condition that must be specified on the order. § 948.03, Fla. Stat. (2009). On Mr. Ford's community control order, there is no check mark in special conditions box 20, "You shall submit your person, property, place of residence, vehicle or personal effects to a warrantless search at any time, by any probation or community control officer or any law enforcement officer.” Mr. Ford argued at the hearing that Ms. Davis’s consent was not voluntary, and thus the search was illegal, because the officers told her that they had legal authority to search without consent.
 
 See Bumper v. N.C.,
 
 391 U.S. 543, 548-50, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968);
 
 Luna-Martinez v. State,
 
 984 So.2d 592, 598 (Fla. 2d DCA 2008). Mr. Ford did not raise the legality of the search on appeal.